UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JERMAINE NATHANIEL GLYNN,

                    Plaintiff,

          -against-

DONALD JOHN TRUMP SENIOR; JOHN
GLOVER ROBERTS JUNIOR,

                    Defendants.

---

26-CV-3267 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se*. By order dated June 1, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se*

pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires

a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff brings this action against President Donald Trump and United States Supreme

Court Chief Justice John Roberts. Plaintiff alleges, [1]

> The United States Constitution Amendment 14 Section 1 "All" persons "born"
> "in" in the United States "are" citizens of the United States. "The President
> Donald John ®©$^{SM}$ Trump Senior shall take care that the laws be faithfully
> executed." The Constitution of the United States of America Article II Section 2.

(ECF 1, at 5.)

> Plaintiff seeks,

> Judgment as a matter of law Article II Section 2 and Amendment 14 Section 1
> "all" persons "born" "in" the United States "are" "citizens" of the United States.
> Therefore Donald John Trump Sr. shall take care that the laws be faithfully
> executed. Therefore Donald John Trump Senior shall take care that the law that
> "all" persons born in the United States are citizens of the United States be
> faithfully executed.

(*Id.* at 6.)

## DISCUSSION

### A.    Plaintiff's claims are frivolous

Under the IFP statute, a court must dismiss an action if it determines that the action is

frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A claim is frivolous when it "lacks an

arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *see*

*also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "a finding of factual

frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly

---

[1] Plaintiff writes in all capital letters. For readability, the Court uses standard
capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are
as in the original complaint unless otherwise noted.

incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is frivolous when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)); *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011).

Even when read with the "special solicitude" due to *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's complaint lacks an arguable basis either in fact or in law. *See Neitzke*, 490 U.S. at 324-35. Plaintiff appears to simply restate several provisions of the Constitution. The Court is unable to identify in the Complaint (1) any factual allegations demonstrating a legal basis for Plaintiff's apparent claim that he has suffered an injury that entitles him to declaratory relief against Defendants, who are both United States government officials, or (2) any legal theory on which Plaintiff may proceed under these circumstances. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore dismisses the complaint as frivolous.[2] *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**B.     Leave to amend is denied**

Generally, a court should not dismiss a *pro se* complaint without "granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)). A court, however, has the inherent power to dismiss without leave to amend or replead where the claim pleaded is frivolous or where amendment

---

[2] As a result of Plaintiff's history of filing frivolous actions IFP in this court, by order dated May 1, 2026, and effective as of April 24, 2026, the Court barred Plaintiff from filing civil actions in this court without first obtaining from the court leave to file. *See Glynn v. Every Male Uniformed New York City Police Dep't Officer*, No. 26-CV-3231 (LTS) (S.D.N.Y. May 6, 2026). Because Plaintiff filed this action on April 21, 2026, before the bar order went into effect, the bar order does not apply to this action.

would otherwise be futile. *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011); *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002); *see also Shapiro v. McManus*, 577 U.S. 39, 45-46 (2015) (holding that federal question jurisdiction is lacking where the claims are "wholly insubstantial and frivolous," "essentially fictitious," or "obviously without merit" (internal quotation marks and citations omitted)). Plaintiff's complaint does not suggest that he could provide facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (holding that the district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188, 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading). Because Plaintiff cannot cure the defects in his complaint with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:    June 22, 2026
           New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

4